UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| ANTHONY OWENS, | ) | |
|---|---|---|
| | ) | |
| Movant, | ) | |
| | ) | |
| vs. | ) | Case No. 4:13CV2561 CDP |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent | ) | |
| | ) | |

# **MEMORANDUM AND ORDER**

Movant Anthony Owens brings this action to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Owens pled guilty to two counts of being an accessory after the fact to murder in aid of racketeering under 18 U.S.C. § 1959(a)(1) and § 3. Case No. 4:11CR246CDP. He was sentenced to 102 months imprisonment followed by three years of supervised release.

Owens argues that because the two murders took place in other states, this Court lacked jurisdiction. He also argues that his counsel was ineffective for failing to properly advise him that he could not be convicted in this district. Both jurisdiction and venue were proper in this district, however, and his counsel was not ineffective for failing to argue otherwise. As the records and evidence before

the Court conclusively demonstrate that Owens is not entitled to relief, I will deny the motion without a hearing.

## **Background**

Owens was charged, along with numerous other defendants, in a multi-count racketeering indictment arising from the activities of an outlaw motorcycle gang known as the Wheels of Soul.[1] The indictment alleged acts of racketeering occurring in multiple states, including a number of criminal acts that occurred in the Eastern District of Missouri. Owens was charged in three counts of the superseding indictment: Counts 12 and 17 charged accessory after the fact to murder in aid of racketeering, and Count 16 charged witness tampering. In exchange for his guilty plea to the two accessory after the fact charges, the government dismissed the witness tampering count.

Owens testified under oath at the guilty plea hearing and signed a written plea agreement. He stated that he understood his rights and was satisfied with his counsel. He also stated at the sentencing hearing that he had reviewed the Presentence Report and had no objections to it. The facts set out here about Owens are based on the record from the plea, Presentence Report, and sentencing hearing.

---

[1] Several defendants went to trial, and the background of the case is set out in some detail in the Eighth Circuit decision affirming their convictions, *United States v. Henley,* 766 F.3d 893 (8th Cir. 2014).

Owens was a "prospect" in the Wheels of Soul motorcycle gang, meaning he was not yet a full member, but was required to follow instructions of members in order to advance to full membership. The murder in Count 12 took place in Chicago, Illinois, on January 2, 2011. Owens had been at home when he got a call from a Wheels of Soul member (his cousin Anthony Robinson) who asked him to bring a gun to a bar where a different motorcycle group was having a party. Owens brought the gun to Robinson, who told him they needed to get a member of a rival gang to relinquish a patch on his vest. Owens accompanied Robinson and other Wheels members as they approached the man wearing the offending colors and demanded that he remove the patch. A shoot-out ensued and several people were injured; one died. Owens then helped Robinson load an injured Wheels of Soul member into his car, and Owens drove them away from the scene. Robinson instructed Owens to take him home so he could dispose of the gun, but while they were driving Owens received a phone call from the Wheels of Soul Regional President, who told him to take the injured member to the hospital instead. Owens did so, but first stopped and let Robinson out so Robinson could hide the gun.

Two months later, Owens was again involved in a Wheels of Soul shoot-out with a rival motorcycle club. This murder happened on March 6, 2011, in Marion, Ohio, where Owens and a number of Wheels of Soul members had traveled for a meeting and party. Again a gun-fight broke out between Wheels of Soul members

3

and members of another club; again Robinson was one of the shooters. And again the person Robinson shot died. Owens had been assigned to protect the Regional President at the party. Owens moved that person to safety and then fled the scene with Robinson and other Wheels members. They stopped the car for Robinson to hide the firearm, they later retrieved the firearm and took it to the hotel where they all were staying. At the hotel, they discussed the need to dispose of the firearm. Robinson put the gun in a Taco Bell bag and gave it to Owens, who discarded it in a storm drain (from which it was later recovered and tied to the murder).

In his guilty plea, Owens waived his right to appeal and waived the right to file a § 2255 motion except for grounds of prosecutorial misconduct or ineffective assistance of counsel.

### **Grounds for Relief**

Owens's § 2255 motion states as his grounds:

GROUND ONE: I was denied the effective assistance of counsel thereby prejudiced to illegal imprisonment: (a) counsel advised me to take a plea of guilty before a Court lacking jurisdiction over the proceedings; (b) counsel advised me to plead guilty to statutory charges that by statute did not apply to me; (c) counsel failed to recognize from the discovery reports only the States of Illinois and Ohio had prosecuting jurisdiction over me.

GROUND TWO: The U.S. District Court of Missouri lacked all jurisdiction over the proceedings held against me: (a) the charges were brought before the Federal District Court of Missouri in violation of the Sixth Amendment due process right of the accused, and in violation of the States's Tenth Amendment Constitutional right of jurisdiction over local offenses; (b) the charging statutes did not comport with the activities charged against me.

4

Owens filed a memorandum in support of the motion, and has filed a number of additional memoranda and motions. Although stated in various ways, all his arguments revolve around the claim that he could not be prosecuted in the Eastern District of Missouri and that his counsel was ineffective for failing to so advise him. The relief he seeks is dismissal of all charges against him and his immediate release.

## Discussion

Owens' claims and pleadings are a mishmash of theories and arguments. Most were waived by his guilty plea and his limited waiver of § 2255 relief. A guilty plea "waives all challenges to the prosecution either by direct appeal or collateral attack, except challenges to the court's jurisdiction." *United States v. Mack*, 853 F.2d 585, 586 (8th Cir.1988). Waivers of the right to seek collateral relief under § 2255 are generally valid. *Ackerland v. United States,* 633 F.3d 698, 701 (8th Cir. 2011). Moreover, issues that could have been raised on appeal but were not cannot be raised for the first time on a § 2255 motion. *See Massaro v. United States*, 538 U.S. 500, 504 (2003); *United States v. Frady*, 456 U.S. 152, 165 (1982) ("a collateral challenge may not do service for an appeal."). To the extent Owens conflates jurisdiction with venue, the claim fails because venue "is not subject to collateral attack under 2255," *Entrekin v. United States*, 508 F.2d 1328,

5

1330 (8th Cir.1974). Venue "is a personal privilege that can be waived." *United States v. Santiago*, 83 F.3d 20, 24 (1st Cir. 1996).

Owens argues, however, that he is not attacking venue, but is alleging that he was deprived of the constitutional right to be tried in the place where he committed the crimes, and that therefore the court had no jurisdiction. He alleges that counsel was ineffective for failing to make this argument and obtain dismissal of the charges. Although he raises this as two separate grounds with several subparts, in fact all of his claims boil down to the argument that the indictment would have been dismissed had counsel made this argument.

The Sixth Amendment guarantees every defendant the right to the effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). To succeed on a claim of ineffective assistance of counsel a movant must show that (1) counsel's performance was deficient and (2) that the deficient performance prejudiced his defense. *Id* at 687. A court's examination of counsel's performance must be "highly deferential." *Id* at 689. When evaluating counsel's performance in the context of a guilty plea a movant must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

Owens alleges that this Court did not have "jurisdiction" because the crimes that he pled guilty to did not take place in Missouri.[2] "'Proper venue is required by Article III, § 2 of the United States Constitution and by the Sixth Amendment, as well as Rule 18 of the Federal Rules of Criminal Procedure.'" *United States v. Morales*, 445 F.3d 1081, 1084 (8th Cir.2006) (*quoting United States v. Romero*, 150 F.3d 821, 824 (8th Cir.1998)). "A violation of federal law may be prosecuted 'in any district in which such offense was begun, continued, or completed.'" *Id*. (quoting 18 U.S.C. § 3237(a)).

Owens relies on *United States v. Cabrales,* 524 U.S. 1 (1998), and similar cases for his claim that he could not constitutionally be prosecuted in Missouri for assisting in murders that occurred in Illinois and Ohio. In *Cabrales* the Supreme Court held that money laundering was not a continuing offense that could be prosecuted in Missouri where the underlying drug transaction took place; instead the defendant could only be prosecuted in Florida where she conducted the financial transactions. 524 U.S. at 7.

The murders with which Owens was involved were murders in aid of racketeering, and he admitted violating the Violent Crime in Aid of Racketeering

---

[2] He also argues that the Tenth Amendment was violated because only the states of Illinois and Ohio – not the federal prosecutor in Missouri – could bring murder charges. One of his briefs adds a Fourteenth Amendment equal protection argument, because unspecified "similar individuals" in Illinois and Ohio were not been prosecuted. These arguments are wholly without merit. Owens pleaded guilty to violating a federal statute, and it makes no difference that the states could have also chosen to prosecute him for murder under their state laws.

7

Activity Act, 18 U.S.C. § 1959. Unlike the money laundering statute, this statute does involve a continuing offense, and so venue was proper in this district. In *United States v. Saavedra,* 223 F.3d 85 (2nd Cir. 2000), the Second Circuit Court of Appeals considered an argument similar to that made by Owens, and held that the racketeering crimes listed in 18 U.S.C. § 1959 are continuing offenses that can be charged in any district where the racketeering enterprise operated. *See also United States v. Riggi,* No. 03-1234(L), 117 Fed. Appx. 142 (2nd Cir. Dec. 6, 2004) (prosecution for accessory after the fact to murder in aid of racketeering). *Saavedra* explained that the continuing nature of racketeering is different from money laundering: the "furtherance of one's position in a racketeering enterprise is precisely what brings otherwise unrelated acts within the purview of a § 1959 prosecution." *Saavedra*, 223 F.3d at 91. Because numerous Wheels of Soul racketeering activities occurred in the Eastern District of Missouri, prosecution was proper here.

The facts of this case demonstrate the appropriateness of the conclusion in *Saavedra.* Not only did Owens' co-defendant Robinson commit the murders for purposes of advancing the Wheels of Soul racketeering enterprise, Owens himself committed his own crimes – helping Robinson flee and dispose of the firearms – for the purposes of furthering his own position within the Wheels of Soul. As a prospect, he was required to follow the directions of other members. He admitted

8

that he followed Robinson's directions in the Illinois murder, and that in fleeing and taking the other member to the hospital he followed the directions of an officer in the Wheels of Soul. With regard to the second murder, Owens admitted that he had gone to Ohio to conduct Wheels business, that he had a job at the party (to protect one of the senior officers), and that when the group decided the gun had to be disposed of he followed directions and disposed of the gun. Owens committed these crimes as part of his participation in the Wheels of Soul, and there is no doubt that the Wheels of Soul is a racketeering enterprise. *See United States v. Henley,* 766 F.3d 893 (8th Cir. 2014).

Nowhere in any of Owens' lengthy submissions does he argue that he would have insisted on going to trial had he properly been advised – instead, he argues that the charges would have been dismissed. That is simply incorrect. Had counsel raised the argument, it would have been rejected, because venue was, in fact, proper in this district. Counsel cannot be deemed ineffective for failing to raise meritless claims. *See Rodriguez v. United States*, 17 F.3d 225 (8th Cir.1994).

Owens was properly charged in this district. When he pleaded guilty he waived any objections to venue here. His counsel was not ineffective for failing to raise this argument or in advising him to plead guilty. None of the many arguments raised by Owens in his many filings provides any basis for this Court to grant relief, and so I will deny the motion to vacate.

9

### Evidentiary Hearing and Certificate of Appealability

An evidentiary hearing is not warranted in this case. A movant is entitled to an evidentiary hearing on a § 2255 claim unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 USC § 2255(b). "No hearing is required where the claim is 'inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based.'" *Watson v. United States*, 493 F.3d 960, 963 (8th Cir.2007) (*quoting Shaw v. United States,* 24 F.3d 1040, 1043 (8th Cir. 1994)). Because Owens's claims are affirmatively refuted by the record he is not entitled to an evidentiary hearing.

Owens is also not entitled to a certificate of appealability. "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing is one where issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. *See Cox v. Norris*, 133 F.3d 565, 569 (8th Cir.1997). Because no reasonable jurist could find that Owens has made a substantial showing that he was denied any constitutional right, I will not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that the movant's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 is denied.

**IT IS FURTHER ORDERED** that all other pending motions are denied.

**IT IS FURTHERED ORDERED** that this Court will not issue a certificate of appealability because Owens has not made a substantial showing of a denial of a constitutional right.

A separate judgment in accordance with this Memorandum and Order is entered this same date.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 8th day of July, 2015.